SYLVANUS LUDDEN, PLAINTIFF IN ERROR, v. TRAVERS CLEMONS, DEFENDANT IN ERROR.

Action: INSTRUCTIONS. Where the action is one for which the law affords a remedy, an instruction which in effect states that the action should not have been brought is erroneous.

ERROR to the district court for Jefferson county. Tried below before WEAVER, J.

*B. S. Baker*, for plaintiff in error.

*W. O. Hambel*, for defendant in error.

MAXWELL, J.

This is an action to recover damages alleged to have

been sustained by the plaintiff by reason of the defendant's stock trespassing on his premises. The defendant filed a cross demand for similar damages sustained by him from the plaintiff's stock. The parties entered into a stipulation that both claims should be tried together. On the trial of the cause the court among other things instructed the jury as follows: "I suppose that it is necessary that courts should try these cases, but it is a sad commentary on the sense of the people that such slight cause as is in this case should be tried by them. I repeat that it is a sad commentary upon the community, that in such trifling matters parties could not arrange them without going into court, where there is such an amount of costs. The only question in this case is as to the costs in the main. In your verdict speak as to which party should recover, and if you think either, so fix your verdict for the one which you think you should find for." The jury found in favor of the defendant. The amount of damages claimed by the plaintiff in his bill of particulars is the sum of $40, and by the defendant the sum of $65.

That the instruction in question was prejudicial to the plaintiff there is no doubt. While it is desirable that difficulties between neighbors should if possible be settled amicably, and litigation avoided, yet in many cases this may not be possible. Doubtless there are cases where litigation but intensifies the wrong and leaves the party in a worse plight than if he had borne his injuries in silence. But where a wrong has been done for which the law affords a remedy, the question whether the party injured shall seek redress through the courts or not, rests alone with himself. The courts have nothing to do with the matter, however much the judges personally may disapprove of the action, except to enforce the law. No one is compelled to suffer the loss, annoyance, and inconvenience occasioned by repeated trespasses from a neighbor's stock without the right to recover all the actual damages occa-

sioned by such trespasses, and no court has the authority to abridge such right. As the instruction in question was calculated to prejudice the plaintiff's case before the jury the judgment must be reversed and a new trial awarded.

REVERSED AND REMANDED.

THE other judges concur.